## THOMAS & SCHMITZ ET AL. v. SCHMITZ.

PARTNERSHIP—CHATTEL MORTGAGE OF PARTNERSHIP PROPERTY—RATIFICATION—ASSIGNMENT FOR BENEFIT OF CREDITORS.

1. A chattel mortgage executed by one partner alone, contrary to the requirement of the statute, does not create a lien upon the partnership property.

2. The statute prescribing the method of executing a partnership chattel mortgage does not permit one partner to authorize such an instrument to be executed in the firm name, without the signature of all the partners, nor to

ratify a mortgage so executed, so as to make it a valid lien upon the partnership property.

3. Where a chattel mortgage purporting to be made by a partnership is signed only in the firm name by one of the partners, contrary to the statute in such case made and provided, the partnership is not a party to the instrument so as to render the mortgage valid as a lien upon partnership property upon the principle, even if applicable, that a chattel mortgage improperly executed is good at least between the parties.

4. In a suit upon a firm note and to foreclose a chattel mortgage purporting to have been given by the partnership, but which mortgage is invalid because not executed by each partner as required by statute, the plaintiff occupies the position of a mere creditor of the firm, without any lien upon the property in controversy, and cannot, therefore, in such suit, attack the validity of a bill of sale by the partners to another in trust for creditors, upon the ground that constituting in effect a general assignment for benefit of creditors it was not executed in compliance with the state assignment laws.

[Decided December 18, 1906.]          (87 Pac., 996.)

ERROR to the District Court, Carbon County, HON. DAVID H. CRAIG, Judge.

Action upon a prommissory note and to foreclose a chattel mortgage upon partnership property. From a judgment for plaintiff defendants brought error. The facts are stated in the opinion.

*Aaron Meyer* and *McMicken & Blydenburgh*, for plaintiffs in error.

The mortgage in controversy was void and incapable of ratification. (R. S. 1899, Sec. 2808; Ridgley v. Bank, 75 Fed., 808.) It was not, however, ratified or attempted to be ratified in fact. A chattel mortgage not executed, acknowledged and filed as required by law is generally not binding. (Wilcox v. Jackson, 7 Colo., 521; Crane v. Chandler, 5 Colo., 21; Willow v. Rosenshien (id.), 48 Pac., 1067; Kothe v. Krag-Reynolds Co. (Ind.), 50 N. E., 594; Westhiemer v. Goodkind (Mont.), 60 Pac., 813; Hardware

Co. v. Sullivan, 16 Pac., 588; Baker v. Powers, 16 Pac., 589; Cope v. Foundry Co., 49 Pac., 387; Griffin v. Henry, 99 Ill. App., 284; Hill v. Gilman, 39 N. H., 88; Dunham v. Cramer, 51 Atl., 1011; Hunt v. Bullock, 23 Ill., 320; Long v. Cochran, 21 N. E., 201.) The mortgage clearly was no lien as against the bill of sale and possession thereunder. (Crane v. Chandler, 5 Colo., 21; Forest v. Tinkham, 29 Ill., 141; Weill v. Zacher, 92 Ill. App., 296; Bank v. Baker, 62 id., 154; Hodgson v. Butts, 3 Cranch (U. S.), 140; Einstein v. Shouse, 24 Fla., 490 (5 So., 380); Edinger v. Grace, 8 Colo. App., 21.) It was error to receive the mortgage in evidence. (Tweto v. Burare, 97 N. W., 128; Machette v. Wanless, 1 Colo., 225; Hurt v. Bullock, 23 Ill., 320; Ridgley v. Bank, *supra.*)

*N. R. Greenfield,* for defendant in error.

The mortgage is valid between the parties by express provision of the statute. (R. S. 1899, Sec. 2816; Schlessinger v. Cook, 9 Wyo., 264.) It was executed with the approval of the partner who did not sign it. The statute does not in terms provide that a partnership mortgage not signed as required shall be invalid or void. Generally, if not prohibited by statute, such an instrument, though not signed by all members of the firm, is valid and binding on the firm; and one partner may sign the firm name to a chattel mortgage and make it a valid lien. (Jones Chat. Mort., 46.)

The transfer to the defendant Beale as trustee was an assignment for benefit of creditors, and not having been executed in conformity with the statutes of the state relating to such assignments, it was fraudulent and void, and hence such defendant was in no position to set up the supposed invalidity of the plaintiff's mortgage. (R. S. 1899, Sec. 2458; 4 Cyc., 120.)

Potter, Chief Justice.

The defendant in error, Anna Schmitz, brought this action in the District Court for the foreclosure of a chattel mort-

gage, and incidentally prayed the appointment of a receiver to take charge of the property covered by the mortgage. An order was made appointing a receiver on the same day that the suit was brought. Before the trial of the cause the receiver so appointed had taken possession of and sold the goods and chattels described in the mortgage, and pursuant to an order of the court had delivered the net proceeds, amounting to $874.70, into the custody of the attorney for the plaintiff below to be held by him subject to the further order of the court, and thereupon the receiver had been discharged. At the trial, therefore, the controversy related to the rights of the respective parties to that fund, depending, of course, upon their rights respectively to the property from which it had been derived. The property originally belonged to Thomas & Schmitz, a partnership composed of J. H. Schmitz and J. M. Thomas, Jr., the former being the husband of the plaintiff below; and when the suit was commenced and the receiver appointed, the property was in the possession of Harry Beale, as trustee for certain creditors of Thomas & Schmitz, under a trust agreement or bill of sale excuted by that firm. The suit was brought against the firm in the partnership name, and Beale as trustee.

The trial court found generally for the plaintiff below, and that she had a prior lien upon the fund aforesaid, as the proceeds of the property covered by the chattel mortgage referred to in her petition; and she was awarded a judgment against the firm of Thomas & Schmitz for the sum of $1,170, the amount found to be due upon the note, to secure which the alleged mortgage was given, together with one hundred dollars attorney fee; and the custodian of the fund was ordered to surrender the same to the plaintiff, to be applied on the judgment, as the proceeds of the sale of the property covered by her mortgage.

The defendants below bring the case here on error. Schmitz did not appear to the action in the court below. Separate answers were filed by Harry Beale, as trustee, and by J. M. Thomas, Jr., on his own behalf and on behalf of the firm, each answer denying any indebtedness from

the firm to the plaintiff, and alleging the invalidity of the mortgage.

The face amount of the note and mortgage under which plaintiff claims is $3,950, but the note bears the following endorsement: "Credit by note given on or about Dec. 20th, 1903, for $2,950." Mrs. Schmitz explained this by stating that she had agreed to advance money to assist the firm in paying its creditors, and had advanced one thousand dollars when the note was made; but on or about December 20, not having furnished more, she gave the firm a note for $2,950, to cover the difference between the face of the note and the one thousand dollars advanced by her, which note was handed to and retained by Thomas.

The note and mortgage were each dated November 6, 1903. The note appears to have been signed in the firm name of Thomas & Schmitz by J. H. Schmitz, and by J. M. Thomas, Jr., although the latter did not sign it until some time in December. The mortgage recites upon its face that it is given by Thomas & Schmitz by J. H. Schmitz, a member of said firm, and it is signed "Thomas & Schmitz by J. H. Schmitz," and J. H. Schmitz alone acknowledged its execution. Thomas did not sign the instrument in any manner, nor did he acknowledge it. Not having been signed or acknowledged by Thomas, a member of the partnership, it was charged in the separate answers and is here contended that the mortgage is void.

Section 2808, Revised Statutes of 1899, provides: "It shall be necessary for each and every member of a co-partnership to execute and acknowledge a mortgage, bond, conveyance or other instrument intended to operate as a chattel mortgage for and on behalf of the co-partnership; *Provided,* That a chattel mortgage may be given to a co-partnership in its co-partnership name without enumerating the several members thereof."

Section 2810 provides: "A chattel mortgage given to a co-partnership shall only be released, satisfied and discharged or assigned, transferred and set over, either by endorsement upon the original instrument or by an instru-

ment executed and acknowledged by each and every member of the co-partnership."

This court had occasion to consider Section 2808, above quoted, in the case of Lellman et al. v. Mills, Trustee, decided at the present term, and it was held that, by reason of that statute, a chattel mortgage executed by one partner alone did not create a lien upon the partnership property. As said in the opinion in that case, the clear effect of the statute is to deprive a partner of any power as such to alone act for the firm in executing a chattel mortgage. It restricts the general agency of the partner in that particular, and, therefore, takes away the only support of the rule prevailing in some jurisdictions that one partner may make a valid chattel mortgage of partnership property to secure a partnership debt without the concurrence or consent of his co-partners. The statute, indeed, goes further than that, and in effect denies the power of a partner to execute such an instrument even with the consent of his co-partner, unless the latter shall also by signing the same join in the execution thereof.

It is contended that Thomas had authorized, or at least had afterwards ratified, the making of the mortgage by Schmitz, and we suppose that the District Court so found. Previous authority or subsequent ratification was not, however, admitted by Thomas; but it is not necessary that we consider the evidence upon that subject, for clearly, we think, the statute eliminates such a question from the case. It was not competent for Thomas to authorize his partner to alone execute the mortgage, or to sign it in the firm name, so as to render it a binding instrument upon the firm property, without his signature, and, therefore, subsequent ratification or attempted ratification on his part would be equally unavailing. The statute does not provide that a chattel mortgage may be executed by one partner alone, or in the firm name, with the consent or authority of his co-partner. If it did, then without previous authority such an act might be ratified. No doubt Thomas could afterwards have signed and acknowledged the instrument, and thus

have joined in its execution in the method pointed out by statute. And we suppose that one partner may by a properly executed power of attorney authorize a co-partner as well as another person to sign his name to such an instrument and acknowledge it for him. But neither of these things were done. The statute does not permit one partner to authorize a partnership chattel mortgage to be executed in the firm name, without the signature of all the partners, nor to ratify a mortgage so executed so as to make it a valid lien upon firm property. On the contrary, it expressly and plainly requires the signature of "each and every member" of the co-partnership to an instrument intended to operate as a chattel mortgage "for and on behalf of the co-partnership." Something more than mere authority or consent is made necessary. Each partner is required to sign the mortgage, and it is not perceived that the statute can be construed as permitting the consent of a partner to the execution of such an instrument to be expressed in any other manner than by signing it. If it be said that Thomas authorized or consented to the giving of a firm mortgage to Mrs. Schmitz, the answer to that must be that such a mortgage was not executed and the one upon which Mrs. Schmitz relies is not a firm mortgage, because not signed by each member of the firm as by law required; and not being a firm mortgage in any sense, a subsequent ratification could not make it one.

It is further argued that the mortgage is good at least between the parties. But the partnership, although named as a party and the firm name is signed, is not a party to the mortgage for the reasons already stated. If in any case, a chattel mortgage not signed by all the members of a partnership owning the property can be held good between the parties to it, that would only affect its validity as between the actual parties to the instrument as a lien upon the interest of the partners signing it; and that interest could only be ascertained after payment of the firm debts, including the claims of co-partners. And in this case there is not only no showing of a remaining interest in Schmitz, the one

who signed the mortgage, but it appears that the firm debts are not paid, and that the fund in controversy is insufficient to pay them; and, indeed, the petition in the case alleges the firm to be hopelessly insolvent.

It follows that the mortgage of the defendant in error was not a valid lien upon the partnership property, and, therefore, conferred upon her no lien upon or right to the fund derived from the sale of that property. And the court erred in awarding the fund to her.

The plaintiff in error, Beale, was in possession of the property, and was proceeding to dispose of the same, by virtue of a bill of sale signed by each of the partners, as well as in the firm name, which conveyed the property to him in trust for the benefit of the firm creditors, and for the express purpose of selling the property, collecting the indebtedness due said firm, and paying the creditors *pro rata.* It appears that the fund is required for the purposes of that trust. It is argued that the conveyance to Beale is void because it is in effect an assignment for the benefit of creditors and was not made in compliance with the laws of this state governing such assignments. Waiving any consideration of the effect of the federal bankruptcy act upon the state insolvency laws, it is sufficient to say that the defendant in error is not in a position in this case to question the validity of the transfer to Beale. She is a mere creditor of the firm, without any lien upon its property in controversy; and this suit is not one in the nature of a creditor's bill, nor was it brought for the purpose of annulling the trust conveyance, or having the affairs of the firm administered by a receiver for the benefit of all the creditors.

For the reasons stated, the judgment must, in our opinion, be modified, by vacating that portion of it which awards an attorney fee of one hundred dollars to the plaintiff below, which was provided for in the mortgage, but not in the note, and that part which requires the custodian of the fund to pay the same to said plaintiff, and instead thereof the entering of an order for the payment of the fund to the plaintiff in error, Harry Beale as trustee. The cause will,

therefore, be remanded with directions to so modify the judgment.

Beard, J., and Scott, J., concur.